# HARLAN v. MORGAN.

---

EQUITY; INJUNCTION.

A court of equity will not, at the instance of the defendant in an action

Note.—As to general equitable jurisdiction to enjoin judgments, see note in 32 L.R.A. 321.

at law, enjoin the execution of a judgment against him in that action, from which judgment he took an appeal, which he afterwards abandoned, on the ground that error was committed in the exclusion of evidence on the trial of such action.

No. 2848.   Submitted December 9, 1915.   Decided January 3, 1916.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia, dismissing a bill in equity to enjoin the execution of a judgment at law.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree dismissing a bill in equity filed to enjoin execution of a judgment at law.

It appears from the bill, to which demurrer was sustained, that plaintiff, Woodford D. Harlan, was the owner of certain lots in a subdivision of Takoma, in the District of Columbia; that he had made a contract with William H. Saunders & Company, by which he gave them the exclusive agency for the sale of his lots.   Before doing so, he had some negotiations with Morgan Brothers, defendants, looking to an agency for sale, which was not perfected.   One Whitten came to see the lots, and was shown them by the plaintiff, who referred him to Saunders for terms, etc.   A sale was effected to said Whitten for the sum of $1,300, in cash, by Saunders & Company. When Whitten first came he told plaintiff that his attention had been called to the lots by Morgan Brothers, but that he had not dealt with them.   Prior to the consummation of the sale to Whitten, by Saunders & Company, Morgan Brothers claimed of plaintiff 20 per cent commission on said sale, claiming that they had made the same.

Their demand was refused.

Afterwards, Morgan Brothers sued plaintiff for said commission in the municipal court, and recovered judgment for $260.   Plaintiff appealed to the supreme court of the District of Columbia, where judgment was again rendered against him

for said sum.  That on the trial of said cause plaintiff sought to introduce in evidence the contract made by plaintiff with Saunders & Company, which was set out in the bill, for the exclusive sale of his said lots, and an agreement for sale under the same by them with said Whitten, but the offer was refused on the ground that it was no defense at law, and the only question was "whether Morgan Brothers were the procuring cause of the sale."

Plaintiff took an exception.

After judgment the plaintiff appealed to the court of appeals, but failing to procure a satisfactory bill of exceptions, as alleged, abandoned his appeal, believing that he had an equitable defense, and that it would be more beneficial to him to proceed to invoke the aid of an equity court.

His appeal was docketed, and dismissed, in accordance with the rules of the court of appeals.

The prayer was for a decree enjoining the execution of the judgment.

Defendant moved to dismiss the bill for want of jurisdiction in equity, and because there was no equity shown in the allegations of the bill.

This motion was sustained, and the bill dismissed.

*Mr. George C. Gertman* for the appellant.

*Mr. Rudolph H. Yeatman* and *Mr. Otis B. Drake* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The bill does not set out what defenses were relied upon in the action at law.

We are of the opinion that the court was right in dismissing the bill.

If error was committed in the exclusion of his evidence, he had his remedy by an appeal, which he took and abandoned.

There is no ground of equity jurisdiction alleged, and the decree must be affirmed, with costs.                    *Affirmed.*